IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWN JACOBS,

      Petitioner,

vs.                                                                        No. CV 21-00423 WJ/KRS

TIM HATCH, WARDEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER
## OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** is before the Court *sua sponte* on the letter request from Petitioner Shawn Jacobs on May 3, 2021. (Doc. 1). The Court will dismiss the letter request without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

In his letter, Petitioner Jacobs indicates that he is incarcerated at the Northeastern New Mexico Correctional Facility. (Doc. 1 at 1). He states that he is seeking to make a "post-sentence" to a New Mexico conviction or sentence. (Doc. 1 at 1). The Court construed his letter as possibly seeking habeas corpus relief under 28 U.S.C. § 2254 and sent Jacobs the forms for a § 2254 habeas corpus petition and for an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 on May 5, 2021. More than six months elapsed and Jacobs did not submit either form or communicate with the Court.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Petitioner Jacobs has failed to file a habeas corpus petition in proper form and has failed to prosecute this case. The Court will dismiss the case without prejudice under Fed. R. Civ. P. 41(b).

Further, on November 17, 2021, the Court received a second letter from Jacobs asking the Court if he had filed an "appeal" from D-202-CR-1992-00152. A review of the Court's records shows that Jacobs did file a prior § 2254 habeas corpus petition seeking collateral review of his conviction and sentence in D-202-CR-1992-00152. *See Jacobs v. Bravo,* No. CV 04-00551 MV/WPL. In that case, the Court adjudicated his §2254 claims related to D-202-CR-1992-00152 against Petitioner and the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability. *See Jacobs v. Bravo,* No. CV 04-00551 MV/WPL, Doc. 37, 39, 43, 47, 63. Therefore, even if Petitioner Jacobs had filed a proper § 2254 petition, it appears it still would be subject to dismissal as an unauthorized second or successive petition under 28 U.S.C. §2241(b)(1).

**IT IS ORDERED** that the letter request filed by Petitioner Shawn Jacobs is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b) for failure to prosecute this proceeding.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE